MELTON, RESPONDENT, v. MARTIN, ADMINISTRATOR, APPELLANT.

(No. 1,551.)

(Submitted April 28, 1903. Decided May 4, 1903.)

*Executors and Administrators—Claims Against Estate—Time for Presentment.*

Under the direct provisions of Code of Civil Procedure, Section 2603, all claims against the estate of a decedent must be presented within the time limited in the administrtor's notice to creditors, or they are barred forever, except when it appears by the affidavit of the claimant, to the satisfaction of the court, that he had no notice, by reason of being out of the state.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

ACTION by John A. Melton against J. P. Martin, administrator of James Dartis. From a judgment for plaintiff, defendant appeals. Reversed.

*Messrs. Pierce & Pierce,* for Appellant.

*Mr. John A. Luce,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

This is an appeal from a judgment rendered against appellant, as administrator of the estate of James Dartis, deceased, upon a claim of respondent against said estate for moneys alleged to have been paid to Dartis in his lifetime under a mistake. It appears from the complaint that plaintiff presented his claim to the defendant administrator March 8, 1899. The answer alleges that the first publication of notice to creditors was on February 9, 1898; that the value of the estate exceeded $10,000; and that plaintiff did not exhibit his claim "within ten months after the date of the first publication of said notice, nor was it made to appear at any time or at all, by the affidavit of claimant or at all, to the satisfaction of this court or the judge thereof, that the plaintiff had no notice of the time allowed by said notice for the presentation of claims against said estate by reason of being out of the state or otherwise." This allegation was not denied by the replication, and therefore stands admitted. The case was tried upon an agreed statement of facts and "facts admitted by the pleadings." The ten months allowed by law after the first publication of notice to creditors had elapsed long before the claim was presented. Under Section 2603, Code of Civil Procedure, all claims must be presented within the time limited in the notice or they are barred forever, except in cases when "it is made to appear by the affi-

davit of the claimant to the satisfaction of the court or judge that the claimant had no notice as provided in this Title, by reason of being out of the state." It is admitted, as above stated, that no proof was adduced which would bring this claim within the above recited exception. Plaintiff, however, attempted to excuse noncompliance with this statute on the ground that the money had been paid by mistake, and that he did not discover this mistake until after the ten months had expired. We are not satisfied from the pleadings and statement of facts that a mistake ever existed, and, if it did, that plaintiff should not have discovered its existence within the time limited in the notice by the exercise of reasonable diligence.

Counsel for respondent further seek to justify their action on the ground that deceased held the money paid as a trust fund, and therefore it was not necessary to present the claim to the estate; but the pleadings are barren of any such suggestion, or of the further necessary suggestion that the identical money could be traced into the hands of defendant. Besides, this is not an action in equity to enforce a trust, but a suit at law to recover money "had and received," and the claim should have been presented to the administrator of the estate within ten months after the first publication of notice to creditors.

We are therefore of the opinion that the judgment appealed from should be reversed and remanded, and the court below should be directed to set aside the judgment appealed from, and enter judgment for the defendant for costs.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment appealed from is hereby reversed, and the cause remanded to the court below, with directions to set aside the judgment appealed from, and to enter judgment for the defendant for his costs.